UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT and SHIZUE ALLENDER, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE, a foreign corporation, and FARMERS INSURANCE COMPANY of Washington,<br><br>Defendants. | CASE NO. C04-1305C<br><br>ORDER |

This matter comes before the Court on the Defendants' unopposed Motion for Summary Judgment (Dkt. No. 22). Having reviewed the materials submitted and found that oral argument is not necessary, the motion is GRANTED for the reasons set forth below.

## I.   BACKGROUND

Plaintiffs have a Standard Flood Insurance Policy ("SFIP") through Farmers Insurance Company ("Farmers") and have filed a claim for damage to their property, allegedly the result of flooding that occurred on March 12, 2003. Plaintiffs provided notice to the Defendants of the alleged flooding of their property on May 2, 2003. (Skinner Decl. Ex. A.) On May 7, 2003, the property was inspected by a

ORDER – 1

Farmers adjuster. (*Id*. Ex. A and B.)  The inspection revealed no general condition of flooding, a requirement for coverage under the SFIP. (*Id*.)  Farmers then issued a denial of coverage on June 2, 2003. (*Id*. Ex. C.)  Subsequently, Plaintiffs filed this lawsuit asserting both federal and state law claims. (Dkt. No. 1.)  Plaintiffs allege that their property sustained a flooding event while the SFIP issued by Farmers was in effect.  Farmers contends that Plaintiffs' property did not sustain a flooding event as defined under the National Flood Insurance Program. (Defs.' Mot. 2.)  On April 4, 2005, the Court granted Farmers' motion to dismiss all state-law claims (Dkt. No. 13), leaving only the federal breach of contract claims for resolution.  Defendants now seek to have the remaining federal breach of contract claims dismissed.  Plaintiffs have not filed a response to Defendants' motion.

## II.    ANALYSIS

Because Plaintiffs have failed to respond to Defendants' instant motion to dismiss the remaining federal claims, the Court construes this lack of response as an admission that the motion has merit.  Local Rule CR 7(b)(2).  However, the Court must still apply the standards of Federal Rule of Civil Procedure 56 even when the non-moving party fails to oppose a summary judgment motion. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993) (holding that the court may not grant summary judgment merely because the motion is unopposed, even when the local rules are to the contrary).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Substantive law on the issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  A party opposing a properly supported motion for summary judgment may not rest on the mere allegations of its pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

//

ORDER – 2

Absent the occurrence of a flood, Plaintiffs are not entitled to benefits under the SFIP.  The term "flood" is defined in the SFIP as

> 1.  A general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (one of which is your property) from:
> a. Overflow of inland or tidal waters,
> b. Unusual and rapid accumulation or runoff of surface waters from any source,
> c. Mudflow.

44 C.F.R. Pt. 61, App. A(1) (2004).  Plaintiffs have submitted nothing to refute Defendants' determination that the damage was not the result of a "flood" as defined in the SFIP.  (Defs.' Mot. 8–9; Skinner Decl. Ex. B and C.)  Thus, Plaintiffs have submitted no evidence showing a genuine issue of material fact as to whether a condition of flooding, as defined by the SFIP, caused the damage to the insured property.  Therefore, the Court finds that no genuine issue of material fact exists as to Plaintiffs' right to recover under the SFIP for their alleged flood damage.

Even if Plaintiffs' property damage was caused by a flood, they have failed to provide specific facts showing that they have complied with the SFIP's proof of loss requirement.  Because flood losses are paid out of the National Flood Insurance Fund, a claimant under a SFIP must comply strictly with the terms and conditions that Congress has established for payment.  *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 394 (9th Cir. 2000).  One condition of the SFIP is that a claimant must provide a detailed, sworn proof-of-loss form within sixty days from the date of loss.  44 C.F.R. Pt. 61, App. A(1).  No proof of loss was ever submitted by Plaintiffs, and there is no evidence that the sixty-day proof-of-loss requirement was waived or that Plaintiffs are excused from it.  (Def.'s Mot. 13.)  Further, not only did Plaintiffs fail to provide any proof of loss in the requisite time, they also failed to provide *notice* of their alleged loss in a timely manner.  Notification to Defendants of the damage allegedly caused by a flood "as soon as possible" is another condition precedent to recovery under the SFIP.  44 C.F.R. Pt. 61, App. A(1).  Plaintiffs have failed to provide any evidence that they met this notice requirement.  Because Plaintiffs have not provided evidence to show they have complied with these conditions precedent

ORDER – 3

necessary to receiving federal funding under the SFIP, they are divested of their right to file suit. *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 735 (8th Cir. 2001).

### III. CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment is GRANTED and all remaining claims against them are DISMISSED with prejudice.

SO ORDERED this 4th day of November, 2005.

John C. Coughenour

United States District Judge

ORDER – 4